HEARD APRIL TERM, 1872.

## McALILEY vs. BARBER.

Where land is sold under a decree for partition between heirs, and is afterwards sold under a judgment against the ancestor, the purchaser under the sale for partition has no equity to restrain the purchaser under the judgment from prosecuting an action to recover the possession of the land, upon the mere ground that the fund arising from the sale for partition is sufficient to satisfy the judgment, and is under the control of the Court, and that the owner of the judgment stood by and did nothing to prevent the sale for partition.

Nor does an allegation that there are personal assets in the hands of the administrator of the ancestor, which may be sufficient to satisfy the judgment, give rise to such an equity.

A judgment creditor has the right to select what property of his debtor shall be sold under his execution.

Where a defendant has an equitable defense the proper practice is, not to bring a cross action in the nature of a bill for injunction, but to allege the matter in the answer as a defense or counter claim.

BEFORE THOMAS, J., AT CHESTER, APRIL TERM, 1872.

Action by Samuel McAliley, plaintiff, against Osmond Barber and Furguson H. Barber, defendants, for injunction to restrain the defendants from prosecuting an action of trespass to try title brought by them against the plaintiff, and for other relief.

The facts of the case, as alleged by the complaint, and admitted by the answer, were as follows:

Henry Macon, Sr., confessed a judgment on January 24th, 1844, to Alexander Barber, for the sum of $344.16; on which there was a payment of $400, of date of October 31st, 1855. He died in the year 1855, possessed of a large personal estate, and of a tract of land situate in Chester County, containing 570 acres. Administration on his estate was granted in January, 1856, to his sons,

Benjamin W. Macon and Henry Macon, Jr., who sold the personal estate at public sale in January, 1859, for the sum of $18,148.24.

Alexander Barber died in 1858, and letters of administration on his estate were granted to O. Barber and Mrs. Sarah J. Barber in the same year, and by a private arrangement between the heirs of Alexander Barber, the judgment was transferred to his son, F. H. Barber, immediately after the death of his father. The parties were near neighbors, but this judgment was never presented to the administrators of Macon for payment, though the administrators knew that said judgment was unsatisfied.

The real estate was sold in December, 1859, under a decree of the Court of Equity, for partition among the heirs-at-law of Macon, on a credit of one, two and three years, with interest—the purchase money being secured by mortgage and bond, with personal sureties, of whom plaintiff was one. No objection was made to this sale by any of the Barbers, and no notice given of the judgment aforesaid.

The purchase money not being paid when due in 1866, a bill was filed to foreclose the mortgage, and under a decree in that case the land was sold in January, 1867, and bought by the plaintiff for the sum of $700, which was paid into the office of the Commissioner of the Court of Equity, and remains in the hands of the Clerk of the Court for Chester County undisposed of, and subject to its control. This sum is more than sufficient to satisfy the judgment.

The judgment was renewed by *sci. fa.* in 1868, and under a new *fi. fa.* issued thereon, the land was sold on December 7th, 1868, and bought by the defendants for the sum of twenty-five dollars, who at the next term of the Court commenced an action of trespass to try title against the plaintiff to recover the land.

It was alleged in the complaint that Osmond Barber, one of the defendants, was present at the sale for partition, and did not forbid the same, but this was denied by the answer.

The plaintiff demanded judgment:

1. That it be ordered, adjudged and decreed, that the lien of the judgment of A. Barber *vs.* Henry Macon, Sr., on the lands of the latter, was divested by the judicial sale of the same as hereinbefore described.

2. That the defendants seek satisfaction of their execution from the administrators of Macon, and in case of failure of personal as-

sets, now in their hands, that they be compelled to apply for the proceeds of the sale of the real estate now in possession, and under the control of this Court, if their claim be adjudged to be valid and subsisting.

3. That said defendants be enjoined from further proceedings at law against this plaintiff, and those holding under him, on account · of said real estate, and for such other and further protection and relief as to this Court may seem just and proper.

The case was heard upon the pleadings, and His Honor refused the motion for injunction and dismissed the complaint.

The plaintiff appealed on the grounds :

1. Because His Honor the presiding Judge erred in not holding that the defendants should seek payment of their execution out of the proceeds of the sales of the land in controversy, then and now in Court, and admitted to be more than sufficient to satisfy the same.

2. Because His Honor erred in not holding that the lien of the defendants' execution was transferred from the land to the proceeds of the sale thereof, then under control of the Court.

3. Because His Honor erred in holding that the plaintiff, who had bought said land at a judicial sale for a valuable consideration, had no right to compel defendants to seek satisfaction out of the moneys arising from such sale, then in Court, upon which their execution was the first lien ; their refusal to seek such satisfaction exhibiting so manifest a disregard of the rights of the plaintiff that he was entitled to the protection of this Court.

*Brawley,* for appellants.

*Hemphill,* contra.

Dec. 14, 1872. The opinion of the Court was delivered by

WILLARD, A. J. This was a complaint in the nature of a bill in equity to restrain the action at law brought by the defendants against the present plaintiff in which judgment has been given. (See next case).

The complaint presents no equity that would warrant an interference with the legal rights of the defendant, as purchaser, under the judgment against H. Macon.

The only fact alleged in support of an equity in the plaintiff to restrain the suit to enforce the legal title of the defendants is, that O. Barber was present at the sale for partition and did not forbid the same. This fact was denied by the answer, and, if material, should have been proved. But it is wholly immaterial, for, standing by itself, it does not warrant the conclusion that the plaintiff seeks to draw from it. This question, as well as all the other questions properly arising on the complaint and answer, are conclusively ruled by *Moore* vs. *Wright,* (14 Rich. Eq., 132).

That case holds, distinctly, that a purchaser under a partition among distributees has no equity to restrain a judgment creditor of the ancestor of the distributees from enforcing such judgment against any portion of the estate bound by such judgment, on the mere ground that it can be satisfied out of other assets, without prejudice to the plaintiff's right, which would otherwise be defeated, and that an allegation that the party stood by and did nothing to prevent this sale did not give rise to such an equity.

The judgment creditor has a right to select as to what property of the judgment debtor shall be sold under his execution.—*Longworth* vs. *Scriven,* (2 Hill, 298.) Unless, therefore, there is a general equity between the parties, or such an abuse of the right of selection as shall amount to a fraud on the rights of third persons, that legal right cannot be restrained on equitable grounds. Whatever equity the plaintiff might have been entitled to before the sale under the judgment, to require the application of the proceeds of the foreclosures to the satisfaction of the execution, he lost, as to the defendants, by his laches in not moving before title vested in him. A question was made below, whether the complaint was properly brought to restrain the action for the recovery of the land. The proper course of practice, where a defendant has rights, upon grounds that formerly authorized the filing of a bill to restrain an action at law, which he desires to oppose to a recovery in an action brought against him, is to interpose such rights by way of answer or counter-claim. He may, in this way, not only take advantage of them by way of defeating the plaintiff's judgment, but may seek and obtain affirmative relief appropriate to the case thus made by him.

If the Circuit Court should, instead of allowing a defendant to amend his answer, so as to bring forward matters proper for a bill in equity to restrain an action at law, allow the party to prose-

cute a cross action in the nature of such a bill, we are not prepared to say that such subsequent proceeding would be without jurisdiction or liable to reversal on that ground. But as the present suit was dismissed as to the merits, that question does not come before us at present.

The judgment below should be affirmed and the appeal dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.